## Case No. 3,873.

### The D. F. KEELING.

[Blatchf. Pr. Cas. 92.] [1]

District Court, S. D. New York. Dec., 1861.

CONFISCATION—PROPERTY OF ALIEN RESIDING TEMPORARILY IN CONFEDERACY.

Under the confiscation act of July 13, 1861 [12 Stat. 257], a vessel belonging to an alien female, who resided transiently at New Orleans, having gone there to visit some relatives and attend to some matters of account, with the intention of then returning abroad, and who was engaged in no mercantile business there, was *held* not to be subject to forfeiture.

BETTS, District Judge. This was a libel of information, filed November 8, 1861, by the United States district attorney, in behalf of the United States, alleging the seizure of the above-named vessel [the schooner D. F. Keeling], on the 30th of October last, in the port of New York, by the collector of the port, and charging that she was the property of Mary Hutchinson, an inhabitant of the city of New Orleans, in the state of Louisiana. It alleges that the said vessel, her tackle, &c., has become forfeited to the United States by virtue of the act of congress of July 13, 1861. The claimant, in her answer, asserts that she is sole owner of the above vessel, which is a British vessel, and that the claimant has been sole owner of her since May 25, 1861, and is a British subject, and that the vessel is protected by subsisting treaties between Great Britain and the United States from seizure under any allegations in the libel. She denies that she is an inhabitant of New Orleans in rebellion against the United States, and that she is such an inhabitant thereof as could cause the vessel to become forfeited under or by virtue of the act of congress referred to in the libel. She avers that she is a native of Ireland, a widow, feeble and aged, about sixty years old, and in no way engaged in merchandise, or any other business. She denies that the vessel, &c., has incurred any forfeiture to the United States.

Evidence was given upon both sides on the point whether the vessel, when seized, belonged, within contemplation of law, to a citizen or inhabitant of New Orleans, in the state of Louisiana. The assistant district attorney, on the argument, contending that the claimant, on the true construction of the words of the act, was an inhabitant of the state of Louisiana during her ownership of the vessel, but stated that, "if her abode there was merely temporary and transient, the confiscation of the vessel was not claimed." The evidence is that she is a native subject

[1] [Reported by Samuel Blatchford, Esq.]

of Great Britain; that after the death of her husband she came from London to New Orleans to visit two of her sisters and some grandchildren, all residing in New Orleans, and that she intended to return to London. The precise time she has been in New Orleans is not specified in the proofs, but one of the witnesses, a brother of her son-in-law, says that he knew her there a few months. It is proved that she took the transfer of this vessel from a Mr. Leitch, then residing in New Orleans, and having, also, connexion with a house of trade in Minatitlan, in Mexico, in part payment of a debt bona fide owing her from him; and that he, because of disaffection with the rebellion in Louisiana, and being loyal in his sentiments to the Union, left New Orleans in the vessel. The vessel was laden and dispatched from New Orleans to Vera Cruz and Minatitlan in her name and for her use, and from the latter place to New York, with a cargo, in the same way, and, when seized, was destined to return to Minatitlan in the same interest. The penal language of the act under which the seizure was made is in these words: "Any ship or vessel belonging, in whole or in part, to any citizen or inhabitant of said state or part of a state whose inhabitants are so declared in a state of insurrection, found at sea, or in any port of the rest of the United States, shall be forfeited to the United States."

The title to the vessel did not pass to the claimant as being herself in any business pursuits, or having a mercantile domicile in Louisiana. She acquires it as a neutral creditor, having an honest debt, exceeding its value, owing to her by the vendor, and who immediately abandoned the state to avoid aiding the rebellion therein. There does not, therefore, appear to have been any semblance in the purchase of the vessel of purpose to promote the trade and interests of the enemy in the transaction, or to enable the vessel or claimant to become mixed with enemy trade or operations. But, without feeling that the case, in its special features, demands any close examination of the scope of the enactment, I take the alternative concession of the United States attorney as the true exposition of the law which the government desires to be made in this suit, and say that the evidence, in all its bearings, is satisfactory that the claimant is a foreign subject, engaged in no mercantile business in New Orleans, and that her residence or inhabitancy there was transient, and limited to the intention of visiting near relatives residing in that place, and settling some matters of account, and then returning to her home in London. I accordingly consider that she was not, at the time, such citizen or inhabitant of New Orleans as will subject this vessel to be forfeited to the United States. No costs can be awarded by the court against the United States, and, without discussing the merits of a claim to costs,

I order a decree acquitting the vessel, her tackle, &c., from arrest, and their redelivery to the claimant.